**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1.  DEREK J. BINGHAM, and<br><br>            Plaintiff,<br>vs.<br><br>1.  NORTHEAST RURAL SERVICES, INC., an Oklahoma corporation, and<br>2.  GRAND TELEPHONE COMPANY, INC., an Oklahoma corporation,<br><br>            Defendants. | Case No.: 17-cv-528-GKF-JFJ |

## COMPLAINT

The Plaintiff, DEREK J. BINGHAM, by and through his attorneys of record, Anthony Allen and Sloane Ryan Lile with the firm ALLEN & GARRETT, ATTORNEYS, in support of this Complaint states and alleges as follows:

### JURISDICTION, VENUE, and PARTIES

1. Jurisdiction in this matter is based upon the existence of a federal question under 28 U.S.C.A. § 1331 (West 2015) and 28 U.S.C.A. § 1343(a)(4) (West 2015), pursuant to claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A § 2000e *et seq*. (West 2015) and 42 U.S.C.A. § 1981 (West 2015), and supplemental jurisdiction under 28 U.S.C.A. § 1367(a) (West 2010), incorporating state law claims arising from the same transaction or occurrence.

2. Venue is appropriate as all incidents alleged herein occurred within the Northern District of Oklahoma.

3. Plaintiff Derek J. Bingham is an individual who is a citizen of the State of Oklahoma and a resident of Delaware County, Oklahoma.

4.      Defendant Northeast Rural Services, Inc., operating under the registered trade name Bolt Fiber Optic Services, at all times relevant to the claims alleged herein, upon information and belief, was and is a domestic for profit corporation operating in and under the laws of the State of Oklahoma, was and is an employer affecting commerce with fifteen (15) or more employees as defined under 42 U.S.C.A. § 2000e(b), and operates a facility in the City of Vinita, Craig County, Oklahoma.

5.      Defendant Grand Telephone, Inc. at all times relevant to the claims alleged herein, upon information and belief, was and is a domestic for profit corporation operating in and under the laws of the State of Oklahoma, was and is an employer affecting commerce with fifteen (15) or more employees as defined under 42 U.S.C.A. § 2000e(b), and operates a facility in the City of Jay, Delaware County, Oklahoma.

6.      Although this *Complaint* is divided into sections, it is intended to be read as a whole, with each part incorporating all others.

## FACTUAL SUMMARY

7.      The Plaintiff Derek Bingham is a VoIP engineer and longtime specialist in what is generally referred to as the telecom environment. Specifically, the Plaintiff's specific area of expertise is in the area involving IP-to-IP interconnection. Providers of telecom services sign an interconnection agreement by virtue of which the providers agree to connect their networks and exchange the telecommunications traffic. All interconnected VoIP providers must provide 911 service to all of their customers, obtain customer's physical location at which the service will first be used, transmit all 911 calls (including callback number and physical location) to appropriate emergency services call center or local emergency authority, and inform and obtain

affirmative acknowledgment from new and existing customers of the limitations of their 911 service.

8. The Plaintiff was previously employed by Defendant Grand Telephone Company, Inc. ("Grand Telephone") located in Jay, Oklahoma and was a highly-valued employee.

9. The Plaintiff Derek Bingham learned that another telecommunications company, Northeast Rural Services, Inc., ("NRS") under the trade name, Bolt Fiber Optic Services and Rectec (collectively "NRS"), had plans to build out and expand its infrastructure in Northeast Oklahoma; and the company was interviewing for a position for which he was qualified. Its expansion provided the Plaintiff with an opportunity to improve his position within the industry and gain more specialized exposure, especially in the area of the Plaintiff's interest, Metaswitch support for regulatory requirements.

10. The Plaintiff Derek Bingham applied for the position of VoIP engineer with NRS and his application was well received. On September 5, 2014, the Plaintiff was invited to a meeting with management personnel of Northeast Rural Services, Inc., Bolt Fiber Optics Services, and Rectec were present at the company headquarters to discuss the specific terms of the Plaintiff's employment. The Plaintiff Derek Bingham was informed he had been chosen to fill the position. Sheila Allgood, the manager of Northeast Rural Services, Inc. informed the Plaintiff Derek Bingham where his office would be located and explained it had not yet been built out. Sheila Allgood proposed that the Plaintiff Derek Bingham would begin work during the Thanksgiving period or early December 2014. The Plaintiff Derek Bingham agreed to this proposed time table. Sheila Allgood then asked another management employee, Alex Mercado, to give the Plaintiff Derek Bingham a detailed tour and inspection of the premises and he did so.

At the conclusion of the meeting it was clear that the Plaintiff Derek Bingham had been employed in the position for which he interviewed, subject only to the precise date he would begin work which was to be determined in accordance with the completion date of the build out of his office space.

11. The Plaintiff Derek Bingham informed his longtime friend and co-worker at Grand Telephone Company, Patrick O'Bryan, who, coincidentally, had likewise applied for employment with Northeast Rural Services, Inc., but who had not been offered employment. Mr. O'Bryan informed Defendant Timothy D. Etris, manager of Grand Telephone Company.

12. After learning that the Plaintiff Derek Bingham had applied for and apparently been employed by Northeast Rural Services, Inc., Mr. Etris became enraged and immediately viewed the actions by the Plaintiff Derek Bingham as being disloyal to Grand. Motivated by such resentment Mr. Etris pursued a plan to discredit the Plaintiff Derek Bingham by damaging his reputation, and interfering in the Plaintiff's plans to work for Defendant NRS.

13. Mr. Etris conducted a baseless "investigation" of Plaintiff Bingham's bathroom usage in an attempt to smear Plaintiff Bingham's reputation, and also falsely reported to others that Plaintiff Derek Bingham was guilty of other offenses at work for Defendant Grand Telephone including theft.   Mr. Etris also alleged that Plaintiff Bingham was giving free internet to friends.   Plaintiff Derek Bingham denies he was ever guilty of such offenses.

14. Grand Telephone's Mr. Etris further communicated the false rumors and gossip with Metaswitch regarding the Plaintiff to NRS and others to interfere with and/or stop the employment of the Plaintiff by NRS and otherwise damage and harm the Plaintiff and his reputation generally.

15. As a result of baseless and vicious reports, NRS retaliated against Plaintiff Bingham in violation of Title VII and wrongfully terminated Plaintiff before Plaintiff had an opportunity to begin working at the Vinita facility.

16. Plaintiff was not aw are why NRS wrongfully terminated his employment until September 25, 2016, when he learned from Sheila Allgood, NRS's manager, that his employment was terminated in retaliation for what had occurred while at Grand Telephone, and that they did not want that kind of drama and bad publicity at NRS.

17. Plaintiff was not aware of the retaliatory slander until October 28, 2016, when Preston Williams, a salesman with Mediswitch, told Plaintiff that Tim Etris had told NRS that Plaintiff had been stealing from Grand Telephone.

18. Plaintiff filed two separate complaints with the Equal Employment Opportunity Commission ("EEOC") by submitting a Uniform Intake Questionnaire dated April 18, 2017, which was within one hundred eighty (180) days of the Plaintiff learning of the retaliatory motive in his termination.

19. On June 21, 2017, the EEOC issued two "Right to Sue" letters, one for Defendant Grand Telephone and one for Defendant NRS.

20. This Complaint is being filed within ninety (90) days of the June 21, 2017, "Right to Sue" letters in compliance with the applicable law.

## LEGAL CLAIMS

COUNT 1:     RETALIATION

21.     Defendant Grand Telephone retaliated against Plaintiff through its manager, Tim Etris' actions, including but not limited to unfounded investigations and slanderous accusations alleging that Plaintiff stole from Grand Telephone.

22.     Plaintiff was retaliated against by Defendant NRS in its termination of Plaintiff after Defendant NRS learned of the untrue accusations and unfounded investigation at Plaintiff's prior employer, Grand Telephone.

23.     Defendant Grand Telephone's unwarranted investigations and slanderous accusations constituted a materially adverse employment action.

24.     Defendant NRS's termination of Plaintiff constituted a materially adverse employment action.

25.     As a result of the actions constituting retaliation against Plaintiff, the rights of Plaintiff under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A § 2000e *et seq*, were violated, causing Plaintiff injury.

26.     As a direct and proximate cause of Defendants' actions, Plaintiff's rights were violated, causing Plaintiff injury including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which he should be compensated.

**COUNT 2:   WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY**

27.     Plaintiff and Defendant NRS had entered into an at-will employment relationship.

28. Plaintiff was retaliated against by Defendant NRS in its termination of Plaintiff after Defendant NRS learned of the untrue accusations and unfounded investigation at Plaintiff's prior employer, Grand Telephone.

29. Defendant NRS's termination of Plaintiff constituted a materially adverse employment action.

30. Said termination was effected in contravention of a compelling public policy articulated under Oklahoma statute, 25 OKLA. STAT. ANN. § 1302 (West 2010).

31. By the aforesaid acts and omissions of the Defendant, the Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, attorneys' fees, costs of suit and other pecuniary loss not presently ascertained, in an amount to be proved at trial.

32. As a further direct and legal result of the acts and conduct of the defendant, the Plaintiff has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, and anxiety.

33. The Defendant, by engaging in the aforementioned acts and in authorizing and ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights and welfare of the Plaintiff, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

**COUNT 3:   MENTAL AND EMOTIONAL DISTRESS**

34. Defendant NRS and Defendant Grand telephone both owed the Plaintiff a duty of care as an employee, including the duty to avoid inflicting upon him emotional distress by the manner in which the Defendants operated business and in the manner of continuing or

discontinuing the Plaintiff's employment.

35. As a result of the Defendants' breach of its duty of care to the plaintiff, the Plaintiff suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which he should be compensated.

**COUNT 4:   QUANTUM MERUIT**

36. Plaintiff relied on and accepted Defendant NRS's offer of employment.

37. Plaintiff gave notice and left his employment as his former employer, Grand Telephone, in the expectation that he would be employed at NRS.

38. Defendant wrongfully retaliated against Plaintiff and rescinded its offer of employment to Plaintiff.

39. Defendant's reason for rescinding its offer of employment was in retaliatory in nature as a result of the untrue, slanderous allegations.

40. As a result of Defendant's wrongful conduct, Plaintiff has been damaged and continues to be damaged by the wrongful and tortious conduct of the Defendant. The Plaintiff has lost the opportunities associated with a job as a VoIP engineer at NRS, or elsewhere, including his salary. Moreover, the wrongful and tortious conduct by Defendant has further damaged him in that he has been unable to find other employment in his area. The Plaintiff has been damaged in excess of Ten Thousand Dollars ($10,000.00).

**COUNT 5:   TORTIOUS INTERFERENCE WITH CONTRACT**

41. Oklahoma has adopted the Restatement Second of Torts, § 766B, interference with prospective contractual relations not yet reduced to contract. Wilspec Technologies, Inc., v.

Dunan Holding Group Company, 204 P.3d 69 (Okl. 2009).

42. Defendant Grand Telephone tortiously interfered with Plaintiff's prospective contractual relations and caused the Plaintiff to lose his prospective economic advantage.

43. The Plaintiff would have been employed by NRS or elsewhere, in a lucrative position as a VoIP engineer, but for the tortious interference by the Defendant.

44. Pleading in the alternative, the Plaintiff contends that a contract of employment existed between the Plaintiff and NRS and Defendant Grand Telephone's tortious interference with that contract caused Defendant NRS to secretly cancel or terminate the contract.

45. The Plaintiff has been damaged and continues to be damaged by the wrongful and tortious conduct of Defendant Grand Telephone

46. The Plaintiff has lost the opportunities associated with a job as a VoIP engineer at NRS or elsewhere, including his salary.

47. Moreover, the wrongful and tortious conduct by these Defendant has further damaged him in that he has been unable to find other employment because of the false rumors spread by the Defendant to other employers and persons in their profession.

48. The Plaintiff had a valuable business or contractual right with which there was wrongful interference by Defendant Grand Telephone. The interference was malicious and wrongful and was neither justified, privileged, nor excusable. The damages to the Plaintiff were proximately sustained as a result of the wrongful interference.

49. The Plaintiff has experienced and will continue to experience compensatory damages consisting of emotional distress, embarrassment, humiliation and ridicule resulting in an emotional injury.

50.     The Plaintiff has also been damaged in that the Plaintiff has been and is currently experiencing pain and suffering as a result of emotional injury. The pain and suffering will continue in the future.

WHEREFORE, Plaintiff Derek Bingham prays this Court to award to him judgment against the Defendant Grand Telephone, Inc. and Defendant Northeast Rural Services, Inc. for actual, compensatory, and punitive damages as well as order Defendants to pay the attorney fees, costs, and accruing interest incurred by Plaintiff in prosecuting this matter, and any other such further relief this Court deems just and proper.

**ATTORNEY'S LIEN CLAIMED**
**JURY TRIAL DEMANDED**

Respectfully submitted,

*/s/Anthony L. Allen*
Anthony L. Allen, OBA #19738
Sloane Ryan Lile, OBA #21342
ALLEN & GARRETT, ATTORNEYS
427 S. Boston Ave., Suite 320
Tulsa, OK 74103
Tel: 844-255-0000
Fax: 888-397-3643
*Attorneys for the Plaintiff*