UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DEREK J. BINGHAM | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 17-CV-528-GKF-JFJ |
| | ) | |
| NORTHEAST RURAL SERVICES, INC., | ) | |
| and GRAND TELEPHONE COMPANY, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT NORTHEAST RURAL SERVICES, INC.'S
MOTION FOR ATTORNEYS' FEES AND BRIEF IN SUPPORT**

Pursuant to Federal Rule of Civil Procedure 54(d)(2), Local Rule 54.2, and 42 U.S.C. § 2000e-5(k), Defendant Northeast Rural Services, Inc. ("NRS"), hereby moves for an award of reasonable attorneys' fees it has incurred in prevailing in this case against Plaintiff Derek J. Bingham ("Plaintiff"). NRS is entitled to attorneys' fees under Title VII as Plaintiff's claims against NRS were frivolous, unreasonable, and groundless. *See* 42 U.S.C. § 200e-5(k); *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 422 (1978). Further, NRS is also entitled to attorneys' fees on Plaintiff's state law claims because NRS would not have incurred those fees but for Plaintiff's frivolous Title VII claim. *See Fox v. Vice*, 563 U.S. 826 (2011).

**BACKGROUND**

1. Prior to this action, Plaintiff previously asserted similar Oklahoma state law claims against NRS in Delaware County District Court, in a case styled *Bingham v. Etris, et al.*, No. CJ-2016-199, which Plaintiff filed on November 8, 2016. Plaintiff's claims in

1

the Delaware County case involved the same alleged employment relationship as his claims in this case. After NRS's motion to dismiss Plaintiff's Petition in the Delaware County case was granted in part, Plaintiff amended his Petition. NRS again moved to dismiss Plaintiff's Amended Petition, and Plaintiff voluntarily dismissed his claims against NRS and other defendants in the Delaware County case on February 14, 2017.

2. Plaintiff subsequently retained new counsel and initiated this action in the U.S. District Court for the Northern District of Oklahoma on September 9, 2017. Plaintiff's Complaint alleged the following claims against NRS: 1) a claim for retaliation; 2) a claim of wrongful discharge in violation of public policy; 3) a claim of "mental and emotional distress"; and 4) a claim of quantum meruit. [*See* Doc. No. 2]. Plaintiff brought his retaliation claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. [*Id.* at ¶ 25].

3. NRS filed a Motion to Dismiss all of Plaintiff's claims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). [*See* Doc. No. 16].

4. With regard to Plaintiff's Title VII retaliation claim, NRS moved for dismissal because Plaintiff failed to plead that the alleged termination by NRS was based on any activity protected under Title VII, as required for a retaliation claim. [*Id*]. While NRS's Motion to Dismiss was pending before the Court, Plaintiff filed an Opposed Motion for Leave to Amend Complaint. [Doc. No. 25]. Plaintiff's Proposed Amended Complaint did not alter the facts alleged in his original Complaint's Title VII retaliation claim against NRS, and also failed to allege that Plaintiff had engaged in any activity protected by Title VII. [*See id.*]

2

5.      The Court granted NRS's Motion to Dismiss for Plaintiff's Title VII claim. [Doc. No. 30]. The Court found that "[t]he Complaint includes no allegations that [NRS] terminated its offer of employment due to Bingham's opposition to discrimination based on race, color, religion, sex, or natural origin," and as a result, "[t]he Complaint does not state a plausible claim for Title VII against [NRS]." [*Id.*, pp. 7-8]. The Court did not specifically address Plaintiff's state law claims, but allowed Plaintiff until April 16, 2018 to file an Amended Complaint and allege "specific facts to cure the deficiencies" of Plaintiff's Title VII claim in order for the Court to retain supplemental jurisdiction over Plaintiff's state law claims. [*Id.*, pp. 8-9].

6.      Plaintiff failed to file an Amended Complaint to cure the obvious deficiencies of his Title VII retaliation claim by the April 16, 2018 deadline. As a result, the Court entered judgment dismissing all of Plaintiff's claims on April 17, 2018. [Doc. No. 32].

7.      As set out herein, as a prevailing party, NRS is entitled to an award of attorneys' fees for time spent addressing Plaintiff's federal and state law claims.

## ARGUMENTS AND AUTHORITIES

Under 42 U.S.C. § 2000e-5(k), reasonable attorneys' fees may be awarded in a court's discretion to the prevailing party in any action brought pursuant to Title VII. Thus, attorneys' fees may be awarded to a prevailing defendant in a Title VII claim, provided that the court finds the plaintiff's action is "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after if became clearly so." *Christiansburg Garment*, 434 U.S. at 422. *See also* 12 Okla. Stat. § 2011.1 (providing

3

for attorney fee awards to prevailing defendants in actions not arising out of contract where plaintiff's claims are frivolous).

## I.     NRS is a "prevailing party" for fee shifting purposes.

Because the Court found that "the Complaint does not state a plausible claim for Title VII retaliation against [NRS]," NRS prevailed on the merits on Plaintiff's Title VII claim. [Doc. No. 30, p. 8]. In *CRST Van Expedited, Inc. v. E.E.O.C.*, however, the Supreme Court of the United States expressly held that "a favorable ruling on the merits is not a necessary predicate to find that a defendant has prevailed." 136 S.Ct. 1642, 1646 (2016). Thus, NRS is the prevailing party not only for Plaintiff's Title VII retaliation claim, but for Plaintiff's state law claims as well.

Where "[a] plaintiff seeks a material alteration in the legal relationship between the parties," a defendant "fulfill[s] its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision." *Id.* at 1651. Thus, even though the defendant "might prefer a judgment vindicating its position regarding the substantive merits of the plaintiff's allegations . . . [t]he defendant may prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason." *Id.*

Here, the Court first dismissed Plaintiff's Title VII retaliation claim because Plaintiff did not and could not allege that NRS retaliated against him for his involvement in a Title VII protected activity, and then dismissed Plaintiff's state law claims for lack of supplemental jurisdiction when Plaintiff was unable to cure the deficiencies of his baseless Title VII claim. Despite the fact that Plaintiff's state law claims were dismissed

4

on jurisdictional grounds, NRS "fulfilled its primary objective" in rebuffing Plaintiff's challenge. *Id.* Thus, NRS is the prevailing party on Plaintiff's Title VII claims and Plaintiff's state law claims.

## II.     Plaintiff's Title VII claim is "frivolous, unreasonable, or groundless."

Prevailing defendants in Title VII actions may only be awarded attorneys' fees where the plaintiff's action is "frivolous, unreasonable or groundless, or [where] plaintiff continued to litigate after it became clearly so." *Christiansburg Garment*, 434 U.S. at 422. However, "subjective bad faith" on the plaintiff's part is not required. *See id.* at 421. The *Christiansburg Garment* standard is met "where no evidence supports the plaintiff's position or the defects in the suit are of such magnitude that the plaintiff's ultimate failure is clearly apparent from the beginning or at some significant point in the proceedings after which plaintiff continues to litigate." *Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 183 (6th Cir. 1985) (cited by *Twilley v. Integris Baptist Medical Ctr., Inc.*, 16 Fed.Appx. 923, 926 (10th Cir. 2001)).

Here, the *Christiansburg Garment* standard has been met because Plaintiff did not, and could not, plead that NRS engaged in unlawful retaliation under Title VII. Plaintiff's Complaint alleges that his employment or offer of employment was terminated by NRS in "retaliation" for rumors regarding Plaintiff's work for a previous employer. [Doc. No. 2, ¶¶ 12-16]. Plaintiff's Complaint never alleges that he is a member of a protected class or that he was involved in any activity protected under Title VII. There can be no Title VII retaliation claim where the plaintiff is not a member of a protected class or involved in any protected activity, and Plaintiff's failure to even allege either is a defect in the suit

5

of such magnitude that the Plaintiff's ultimate failure was clearly apparent from the beginning. *See Smith*, 754 F.2d at 183.

Other federal courts have determined plaintiffs' claims to be frivolous and held that attorneys' fees awards to a prevailing defendant are appropriate where the plaintiff fails to allege an essential element of its claim. The Fifth Circuit Court of Appeals, for example, upheld an attorneys' fee award to a defendant prevailing on a motion to dismiss where the plaintiff failed to allege that defendants acted against the plaintiff because of her sex or because she exercised any fundamental rights—an essential element of plaintiff's equal protection claim. *Doe v. Silsbee Independent School Dist.*, 440 Fed.Appx. 421, 426 (5th Cir. 2011) (unpublished). Although *Doe* involved an award of attorneys' fees under 42 U.S.C. § 1988, the standard for fee awards to prevailing defendants in such cases is identical to that of defendants in Title VII cases. *See Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (adopting the *Christiansburg Garment* standard for attorneys' fees under § 1988).

Here, as in *Doe*, Plaintiff failed to plead an essential element of his claim. Plaintiff did not allege that he was a member of any protected class or that he had engaged in any activity protected under Title VII, and dismissal of the claim was clearly warranted. Further, Plaintiff had two weeks to amend his Complaint in order to properly plead a Title VII retaliation claim, and his failure to do acts as a tacit admission that he in fact is not a member of any protected class, and in fact did not engage in any protected activity. Thus, the ultimate failure of Plaintiff's Title VII claim was clearly apparent before he even filed his Complaint, yet he filed his Complaint in federal court anyway,

6

requiring NRS to spend considerable time and resources to defend itself from Plaintiff's frivolous claims. Consequently, the *Christiansburg Garment* standard is met here, and NRS is entitled to its reasonable attorneys' fees for Plaintiff's Title VII claim.

### III. NRS should also be awarded its attorneys fees related to Plaintiff's state law claims.

Although the Court did not address the validity of Plaintiff's state law claims in dismissing this action, NRS should be awarded its attorneys' fees related to the state law claims as well.

The Supreme Court addressed this very issue in *Fox v. Vice* in 2011. 563 U.S. 826 (2011). In *Fox*, the plaintiff brought a claim under 42 U.S.C. § 1983 and related state law claims against the defendant in state court, which were then removed to federal court. *Id.* at 830. The defendant eventually moved for summary judgment on the § 1983 claims, prevailed on the motion, and then moved for attorneys' fees related to all of the plaintiff's claims after the federal district court remanded the state law claims to state court without ruling on the validity of the state law claims. *Id.* The district court found that plaintiff's § 1983 claim was frivolous and awarded defendant its attorneys' fees for the federal court proceeding, which the Fifth Circuit later affirmed. *Id.* at 831.

The Supreme Court reversed and remanded the fees issue to the district court, holding that in such instances, a court may grant reasonable fees to the prevailing defendant "only for costs that the defendant would not have incurred but for the frivolous claims." *Id.* at 829. Thus, the Court reasoned that the defendant was entitled to its reasonable attorneys' fees on the frivolous § 1983 claim only, as the case also involved

state law claims that were originally brought in state court, and the defendant's counsel "would have done much of the same work even if [plaintiff] had not brought his frivolous claims." *Id.* at 839.

The situation here is distinguishable from that of *Fox*. Here, Plaintiff's frivolous Title VII claim and related state law claims did not originate in state court. Plaintiff filed this action in federal court, relying on his frivolous Title VII claim as the basis for the Court's subject matter jurisdiction. After Plaintiff's Title VII claim was dismissed, the Court could not have remanded the case back to state court as there was no state court suit to begin with. Rather, Plaintiff filed his claims in federal court despite the fact that he could not muster the factual allegations sufficient to state a plausible Title VII claim—though he had an additional two weeks to do so after the Court tentatively dismissed the claim—and NRS was thus required to expend considerable time and resources defending the state law claims in federal court.

This is not the situation presented in *Fox*, in which the Court determined that defendant's counsel would have had to do much of the same work in the absence of the frivolous federal claim because the plaintiff had also asserted non-frivolous state law claims in the original state court action. Here, counsel for NRS would not have had to do any work at all ***but for*** Plaintiff's frivolous Title VII claim. As a result, NRS is entitled to its attorneys' fees for both the Title VII claim and the state law claims. *See Fox*, 563 U.S. at 838 ("the dispositive question is not whether attorney costs at all relate to a non-frivolous claim, but whether the costs would have been incurred in the absence of the frivolous allegation"). None of NRS's fees in this action would have been incurred in the

8

absence of the frivolous Title VII claim, as there would have been no action to begin with.  Plaintiff's insistence on asserting his state law claims in federal court under the guise of his baseless Title VII claim renders this federal court proceeding a useless exercise that must now be repeated in state court if Plaintiff desires to proceed with his state law claims against NRS.  NRS should not be required to pay double because of Plaintiff's attempt to assert his state law claims in a federal action that was doomed from the start.  Thus, NRS should be awarded its attorneys' fees incurred defending against the state law claims asserted in this action.

### IV.     The attorneys' fees sought by NRS are reasonable.

Having established NRS's entitlement to fees for this action, the Court must now determine the amount of fees that should be awarded to NRS.  "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  This calculation provides an objective basis on which to make an initial estimate of the value of the lawyer's services."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

As reflected in the billing records attached to the accompanying Declaration, NRS's counsel had, through February 28, 2018, worked 55.8 hours on this case.  Declaration of Charles S. Plumb attached hereto as Exhibit 1, ¶ 7 (hereinafter the "Plumb Declaration").  When multiplied by the hourly rates charged for this work, a lodestar figure of $12,393.50 in fees is established.[1]

---

[1] NRS has and will continue to incur fees in prosecuting this Motion, which are also compensable.  *See, e.g., Sw. Stainless, L.P. v. Sappington*, No. 07-cv-0334-CVE-TLW,

The rates charged by NRS counsel in reaching this lodestar figure are reasonable. "A reasonable rate is the prevailing market rate in the relevant community." *Ellis v. Univ. of Kan. Medical Ctr.*, 163 F.3d 1186, 1203-04 (10th Cir. 1998) (internal quotation marks omitted). "The relevant market value is not necessarily the price which a party's lawyer charged to prosecute the case, but, rather, the market value is the price that is customarily paid in the community for services . . . by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (internal quotation marks omittied).

Here, the rates charged by NRS's counsel were the prevailing rates adopted by the Board of Directors of McAfee & Taft A Professional Corporation ("M&T"). Plumb Declaration, ¶ 8. M&T is regularly engaged by parties in the Oklahoma legal market in cases similar to the instant matter, often times in litigation before this Court. Parties' frequent engagement of M&T evidences the reasonableness of the firm's rates. Additionally, the number of hours worked by NRS's counsel is also reasonable given the circumstances of this case. Plaintiff's asserted four separate causes of action against NRS, each of which had to be thoroughly reviewed, researched, and analyzed by NRS's counsel in order to be properly addressed. As a result, the $12,393.50 incurred by NRS in this matter is entirely reasonable and the full amount should be awarded to NRS.[2]

---

2010 WL 1486935, at *14 (N.D. Okla., Apr. 13, 2010) (explaining that moving parties are "entitled to some compensation for reasonable time and effort spent in petitioning for a fee"). Unless otherwise ordered by the Court, the amount of those fees as well as support for their reasonableness will be presented at a hearing on NRS's Motion, or in a supplemental brief once the Court has ruled on this Motion.

[2] Were the Court to determine that NRS is entitled to its attorneys' fees incurred in defending Plaintiff's Title VII claim only, counsel for NRS has identified 24.6 hours and $4,420.00 in fees that are attributed exclusively to seeking dismissal of Plaintiff's non-

## **CONCLUSION**

For the reasons set forth herein, NRS respectfully requests that the Court award NRS its reasonable attorneys' fees it has incurred in defending this case.

Respectfully submitted,

*s/Charles S. Plumb*
Charles S. Plumb, OBA No. 7194
Mark A. Hayes, Jr. OBA No. 32794
McAfee & Taft, P.C.
2 West Second Street, Suite 1100
Williams Tower II
Tulsa, Oklahoma 74103
Telephone: (918) 574-3052
Facsimile: (918) 574-3152
charlie.plumb@mcafeetaft.com
mark.hayes@mcafeetaft.com

***Attorneys for Northeast Rural Services***

---

Title VII claims. Plumb Declaration, ¶ 10. In that case, NRS requests that it be awarded the full amount of fees it has incurred in defending against Plaintiff's Title VII claims, or $7,973.50.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 30, 2018, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following registrants:

    Sloane Ryan Lile, Esq.
    Anthony L. Allen, Esq.

                                                *s/Charles S. Plumb*
                                                Charles S. Plumb