IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DEREK J. BINGHAM,** | |
| **Plaintiff,** | |
| v. | Case No. 17-CV-528-GKF-JFJ |
| **NORTHEAST RURAL SERVICES, INC. AND GRAND TELEPHONE COMPANY, INC.,** | |
| **Defendants.** | |

## DEFENDANT GRAND TELEPHONE COMPANY, INC.'S
## MOTION FOR ATTORNEYS' FEES AND BRIEF IN SUPPORT

Defendant Grand Telephone Company, Inc. ("Grand Telephone"), pursuant to Federal Rule of Civil Procedure 54(d)(2), Local Rule 54.2, and 42 U.S.C. §2000e-5(k), hereby submits its Motion for Attorneys' Fees in connection with judgment rendered in its favor on Plaintiff Derek Bingham's unreasonable and unwarranted Title VII claim.

### SUMMARY OF PROCEDURAL BACKGROUND

1.  Plaintiff resigned his employment with Grand Telephone on September 18, 2014.

2.  On November 8, 2016, Plaintiff and his wife Katie Bingham filed a Petition in Delaware County against Grand Telephone, NRS, Mr. Etris, another Grand Telephone employee Preston Williams, Metaswitch Networks, an employee of Metaswitch Patrick O'Bryan, Bolt Fiber Optic Services, and Rectec Technology and Communications. This Petition alleged claims for (1) interference with contract and/or prospective economic advantage, (2) wrongful discharge in violation of public policy, (3) mental and emotional distress, (4) quantum meruit, and (5) tortious interference with contract. *See* Petition in Delaware County, Case No. CJ-16-199, dated November 8, 2016, attached hereto as Attachment 1.

3. After some discovery, briefing, and hearing, Plaintiff and his wife Katie Bingham filed an Amended Petition on January 12, 2017, attempting to cure deficiencies with the Petition. *See* Amended Petition in Delaware County, Case No. CJ-16-199, dated January 12, 2017, attached hereto as <u>Attachment 2</u>.

4. On February 14, 2017, Plaintiff and his wife Katie Bingham filed a Dismissal Without Prejudice in the Delaware County action. *See* Dismissal in Delaware County, Case No. CJ-16-199, dated February 14, 2017, attached hereto as <u>Attachment </u>3.

5. On February 16, 2017, Plaintiff and Katie Bingham filed a similar action in this Court (the U.S. District Court for the Northern District of Oklahoma) based on the same set of operative facts, but it did not include any of the original defendants except for Mr. Etris (an employee of Grand Telephone, but resident of Arkansas) and Metaswitch (a foreign corporation). The Complaint in that case alleged claims for (1) interference with contract and/or prospective economic advantage, (2) defamation, and (3) loss of consortium. *See* Complaint [Docket No. 2], dated February 16, 2017, N.D. Okla. Case No. 17-CV-82-CVE-TLW.

6. Prior to serving Mr. Etris with this action, prior counsel for Plaintiff and Katie Bingham filed a motion to withdraw as attorney, and current counsel entered their appearance on April 5, 2017. *See* Motion to Withdraw, dated March 27, 2017 [Docket No. 9], Attorney Appearance, dated April 5, 2017 [Docket No. 10], and Minute Order terminating attorney, dated April 6, 2017 [Docket No. 12], all in N.D. Okla. Case No. 17-CV-82-CVE-TLW.

7. After stipulating dismissal of Metaswitch, counsel for Plaintiff and Katie Bingham was then "directed to file forthwith notice to the Court whether or not it is their intention to dismiss the matter in its entirety or if they will pursuing this matter against said unserved defendant" and was directed to file a response no later than May 1, 2017. *See* Minute

Orders, dated April 20, 2017 [Docket No. 15] and April 26, 2017 [Docket No. 16], in N.D. Okla. Case No. 17-CV-82-CVE-TLW.

8.  On May 1, 2017, Katie Bingham filed a Notice of Dismissal, dismissing all claims in the instant action, and Plaintiff filed a Notice indicating his desire to pursue the claims against Mr. Etris. *See* Plaintiff's Response, dated May 1, 2017 [Docket No. 17] and Katie Bingham Notice of Dismissal, dated May 1, 2017 [Docket No. 18], in N.D. Okla. Case No. 17-CV-82-CVE-TLW. Plaintiff was then advised by the Court that the return of service is due within 90 days of the filing of the complaint, or May 17, 2017. *See* Minute Order, dated May 2, 2017 [Docket No. 19], in N.D. Okla. Case No. 17-CV-82-CVE-TLW.

9.  On May 17, 2017, Plaintiff filed an Amended Complaint in that case against Grand Telephone employee Mr. Etris and added Preston Williams as an additional defendant. While the operative facts were the same, this Amended Complaint alleged claims for (1) tortious interference with contract, and (2) negligence. *See* Amended Complaint, dated May 17, 2017 [Docket No. 20], in N.D. Okla. Case No. 17-CV-82-CVE-TLW.

10. On May 18, 2017, this Court dismissed the case for lack of subject matter jurisdiction. *See* Opinion and Order, dated May 18, 2017 [Docket No. 21] and Judgment, dated May 18, 2017 [Docket No. 22], in N.D. Okla. Case. No. 17-CV-82-CVE-TLW.

11. Plaintiff then filed a "retaliation" claim with the EEOC against Grand Telephone and received a Notice of Right to Sue on June 21, 2017. In this Charge of Discrimination, Plaintiff did not allege that he was a member of a protected class or engaged in any protected activity. *See* Complaint [Docket No. 2], in this case, N.D. Okla. Case No. 17-CV-528-GKF-JFJ. *See also* Charge of Discrimination, attached hereto as <u>Attachment 4</u>.

3

12. Then, on September 19, 2017, Plaintiff filed the Complaint in this case against Grand Telephone and NRS alleging claims for (1) Title VII retaliation, (2) wrongful discharge in violation of public policy, (3) mental and emotional distress, (4) quantum meruit, and (5) tortious interference with contract. The Title VII retaliation claim, mental and emotional distress "claim, and tortious interference with contract claims were brought against Grand Telephone. *See* Complaint, dated September 19, 2017 [Docket No. 2].

13. On November 21, 2017, Grand Telephone filed a Motion to Dismiss the Complaint in its entirety. Specifically, Grand Telephone contended that Plaintiff's Title VII claim should be dismissed as Plaintiff did not allege any protected activity, or any alleged conduct protected by Title VII – the predicate for a Title VII retaliation claim. Grand Telephone also argued that Plaintiff's "claim" for mental and emotional distress should be dismissed as Plaintiff did not identify a specific, recoverable claim. *See* Grand Telephone Motion to Dismiss, dated November 21, 2017 [Docket No. 8].

14. In his Response to this Motion to Dismiss, Plaintiff (1) did not object to dismissal of his claim for mental and emotional distress, and (2) expressed his intention to request leave to amend his Complaint "to more clearly articulate his claim to conform with the Plaintiff's Charge of Discrimination, as well as providing additional factual support for his [sic] claims" (p. 10) and to "provide additional details regarding the discrimination experienced by Plaintiffs on the basis of their race and national origin" (p. 10). *See* Plaintiff Response to Grand Telephone Motion to Dismiss, dated December 15, 2017 [Docket No. 21], at pp. 4, 8-10.

15. Grand Telephone filed a Reply in Further Support of Its Motion to Dismiss on December 22, 2017. *See* Reply in Further Support of Motion to Dismiss, dated December 22, 2017 [Docket No. 22].

16. On January 9, 2018, Plaintiff filed a Motion for Leave to Amend Complaint, seeking to add claims against Grand Telephone employee Tim Etris in his individual capacity for defamation and tortious interference of contract, adding a defamation claim against Grand Telephone, and adding a detrimental reliance/promissory estoppel claim against NRS. This Motion for Leave to Amend Complaint did not provide any additional support or information regarding Plaintiff's Title VII retaliation claim. *See* Plaintiff's Opposed Motion for Leave to Amend Complaint, dated January 9, 2018 [Docket No. 25].

17. Grand Telephone filed a Response in Opposition to this Motion to Amend Complaint on January 30, 2018, requesting that the Court deny Plaintiff's Motion as (1) the proposed amendments were futile, and (2) Plaintiff unduly delayed bringing the additional claims causing unfair prejudice to Defendants. *See* Grand Telephone Response to Plaintiff's Motion for Leave to Amend Complaint, dated January 30, 2018 [Docket No. 27].

18. On April 2, 2018, this Court entered an Order granting the Motions to Dismiss and finding as moot the Motion to Amend. On Plaintiff's Title VII retaliation claim, the Court stated "Grand Telephone argues that the Complaint does not allege that Bingham engaged in protected opposition to discrimination. The court agrees." The Court further stated that "the Complaint includes no allegations from which the court may infer that Bingham opposed any unlawful employment practice or that the alleged adverse employment action was in any way connected to Bingham's opposition to an unlawful employment practice under Title VII. Insofar as the Complaint does not allege that Bingham engaged in protected opposition to discrimination, it therefore fails to state a plausible claim of Title VII retaliation." However, the Order did permit Plaintiff to file an amended complaint no later than Monday, April 16, 2018,

alleging "specific facts to cure the deficiencies discussed herein in Bingham's Title VII retaliation claim." *See* Order, dated April 2, 2018 [Docket No. 30], at pp. 3-7, 8.

19. Plaintiff failed to file an Amended Complaint to cure the deficiencies with his Title VII retaliation claim. Thus, on April 17, 2018, the Court entered an Order dismissing the case and entering a judgment of dismissal of Plaintiff's claims. *See* Order [Docket No. 31] and Judgment of Dismissal [Docket No. 31], both dated April 17, 2018.

20. Grand Telephone has incurred attorneys' fees of $11,044.00 in defending Plaintiff's unreasonable and unwarranted Title VII claim. *See* Affidavit of Molly Aspan, dated May 1, 2018, attached hereto as <u>Exhibit 5</u>.

**ARGUMENT AND AUTHORITIES**

As prevailing party on Plaintiff's Title VII retaliation claim and mental and emotional distress "claim," Grand Telephone is entitled to an award of attorneys' fees. Specifically, due to Plaintiff's groundless claims, Grand Telephone requests an award of the fees incurred in filing and briefing its Motion to Dismiss on Plaintiff's Title VII retaliation claim and mental and emotional distress "claim," and its Response to Plaintiff's Leave to Amend.

Under 42 U.S.C. § 2000e-5(k), reasonable attorneys' fees may be awarded in a court's discretion to the prevailing party in any action brought pursuant to Title VII. Thus, attorneys' fees may be awarded to a prevailing defendant in a Title VII claim, provided that the court finds the plaintiff's action is "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it became clearly so." *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 422 (1978). The *Christinasburg Garment* standard is met "where no evidence supports the plaintiff's position or the defects in the suit are of such magnitude that the plaintiff's ultimate failure is clearly apparent from the beginning or at some significant point in the proceedings after which

6

plaintiff continues to litigate." *Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 183 (6th Cir. 1985) (cited by *Twilley v. Integris Baptist Medical Ctr., Inc.*, 16 Fed. Appx. 923, 926 (10th Cir. 2001)).

Here, the *Christiansburg Garment* standard has been met because Plaintiff did not, and could not, plead that Grand Telephone engaged in unlawful Title VII retaliation. The Tenth Circuit has awarded fees to a prevailing defendant in a Title VII claim where, as here, the plaintiff failed to plead an essential element of his claim. *See Dill v. City of Edmond*, 162 F.3d 1172 (10th Cir. 1998); *Irwin v. Board of Regents of Okla. Ag. and Mech. Colleges*, 81 F.3d 172 (10 Cir. 1996). Here, Plaintiff failed to plead an essential element of his claim. Plaintiff's Complaint does not ever allege that he was a member of a protected class or engaged in any protected activity under Title VII. Furthermore, after the Court permitted him to amend his Complaint to cure such defect, Plaintiff failed to do so. Consequently, the *Christiansburg Garment* standard is met here, and Grand Telephone is entitled to its reasonable attorneys' fees for Plaintiff's Title VII claims as set forth in the accompanying affidavit.

## CONCLUSION

Grand Telephone respectfully requests that the Court award it the reasonable attorneys' fees incurred in defending this case, and grant such other relief as the Court may deem just and proper.

Respectfully submitted,

*/s/Molly A. Aspan*
John F. Heil, III, OBA #15904
Molly A. Aspan, OBA, #19752
**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**
320 South Boston Avenue, Suite 200
Tulsa, OK  74103-3706
Telephone (918) 594-0595
Facsimile (918) 594-0505

**ATTORNEYS FOR DEFENDANT, GRAND TELEPHONE COMPANY, INC.**

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on this 1st day of May, 2018, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the Following ECF registrants:

Anthony L. Allen
Sloane Ryan Lile
Allen & Garrett
427 S. Boston Ave., Ste. 320
Tulsa, OK 74103

Counsel for Plaintiff

Charles S. Plumb
Mark A. Hayes, Jr.
McAfee & Taft
2 West Second St., Ste. 110
Williams Tower II
Tulsa, OK 74103

Counsel for Defendant Northeast Rural Services

*/s/Molly A. Aspan*
Molly A. Aspan